SCOTT M. LOWRY, ESQ. (CA Bar No. 244,504)
E-Mail: Scott@LawLB.com
STUART O. LOWRY, ESQ. (CA Bar No. 80,336)
E-Mail: Stuart@LawLB.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Attorneys for govino, LLC

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company<br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>TAZA DESIGN, a business entity, form unknown, KEITH KING, an individual, SABINA KING, an individual, AMAZON.COM, INC., a Delaware corporation, and DOES 1-10, inclusive, Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES BASED ON:**<br><br>1. **Direct Patent Infringement under 35 U.S.C. §§ 271(a) and 281;**<br>2. **Contributory Patent Infringement under 35 U.S.C. §§ 271(c) and 281;**<br>3. **Trade Dress Infringement;**<br>4. **Product Packaging Infringement;**<br>5. **Trademark Dilution Under 15 U.S.C. § 1125(a); and**<br>6. **Unfair Competition Under 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200 *et seq.*** |

Plaintiff GOVINO, LLC hereby pleads its complaint for damages against Defendants TAZA DESIGN, KEITH KING, SABINA KING, AMAZON.COM, INC., and DOES 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This civil action arises under the laws of the United States, Title 35 United States Code, particularly §§ 271 and 281, the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended (the "Lanham Act"); the California Business & Professions Code § 17200 *et seq.*; and California Common Law.

2.     This court has original jurisdiction over the parties and the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as under 15 U.S.C. §§ 1119 and 1121.   This court also has personal jurisdiction over the Defendants because Defendants are doing business in this state and/or the alleged acts of infringement have occurred and are occurring in this state.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 1400(b).  The alleged acts of infringement and misappropriation have occurred and are occurring in this district.

## PARTIES

4.     Plaintiff govino, LLC ("govino") is a Delaware limited liability company having its principal place of business at 1234 Adams Street, St. Helena, California 94574.

5.     Upon information and belief, Defendant Taza Design is a business entity of unknown form having a place of business at 3837 Bay Lake Trail, Suite 115, North Las Vegas, Nevada 89030.

6.     Upon information and belief, Defendant Keith King ("Keith") is an individual and a resident of the State of Colorado, and is a principal operator of Taza Design and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from the Taza Design's infringing activities as alleged herein.

7.     Upon information and belief, Defendant Sabina King ("Sabina") is an individual and a resident of the State of Colorado, and is likewise a principal

operator of Taza Design and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from Taza Design's infringing activities as alleged herein

8.    Upon information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation having its principal place of business at 1200 12th Ave. South, Ste. 1200, Seattle, Washington 98144-2734.

9.    Currently, govino is unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10.  On information and belief, Does 1-10 are unlawfully making, using, selling, offering to sell, or otherwise importing products that infringe govino's patent rights; and using, without authorization, trade dress and product packaging the same as or otherwise confusingly similar as govino's trademark rights, in connection with drinking vessels.  Plaintiff govino will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

### FACTUAL BACKGROUND

10.    Plaintiff govino is a small company engaged in the design, manufacturing, distribution and retail sales of a niche group of drinking vessels. More specifically, govino has become a leading global provider of original and distinctive wine related products that include, *inter alia*, its GOVINO® stemless wine glasses, flutes, cocktail glasses and decanters (hereinafter collectively "govino Products") made from a shatterproof, reusable and recyclable plastic composition designed to replicate the look, feel and quality of glass or crystal.

11.    The govino Products are now some of the most sought after and well-recognized products in the industry.  For example, the GOVINO® Go Anywhere Wine Glass (Exhibit A) sold in the GOVINO® 4-Pack Tote (Exhibit B) is currently the #4 selling wine glass on Amazon.com, had been ranked #1 almost daily for nearly two years dating back to February 2012, and has otherwise been

consistently a highly ranking seller, *i.e.*, between the #1 and #4 Wine Glass sellers, since about 2010.  A copy of the Amazon.com listing is enclosed as Exhibit C. Moreover, the GOVINO® Go Anywhere Wine Glass (8-pack) is the #27 selling Wine Glass (Exhibit D); and the GOVINO® Go Anywhere Wine Glass (12-pack) is the #53 selling Wine Glass on Amazon.com (Exhibit E).  In other words, the GOVINO® Go Anywhere Wine Glass ranks in the top <1% of wine glass products on Amazon.com  In each instance, the Amazon.com listings prominently display govino's trademark and distinctive product configuration and/or trade dress.

12.   Furthermore, the United States Patent and Trademark Office ("USPTO") recognizes the uniqueness of the GOVINO® Go Anywhere Wine Glass design, in that govino has applied for and received U.S. Patent No. D577,547, which issued on September 30, 2008, claiming an "ornamental design for a wine glass".  *See* Exhibit F.

13.   To this end, govino has won numerous awards related to the distinctive product configuration or trade dress for several of its products. Specifically, the GOVINO® Go Anywhere Wine Glass won the International Design Excellence Award (IDEA) – Silver Award (2010) and the Good Design Award for 2010 from the Chicago Athenaeum: Museum of Architecture and Design; and the GOVINO® Go Anywhere Flute won the International Design Excellence Award (IDEA) – Bronze Award (2012) and the Good Design Award for 2012 from the Chicago Athenaeum: Museum of Architecture and Design.  Of particular note, the IDEA awards are from the Industrial Designers Society of America, and govino was the recipient of these awards based on the premise that the GOVINO® Go Anywhere Wine Glass and the GOVINO® Go Anywhere Flute made drinking wine out of plastic glass acceptable in the wine industry.

14.   The govino Products have also received wide-spread publicity, being featured in world renowned publications, including newspapers, magazines and respected online articles that reach millions of readers daily.  In particular,

govino's products have been featured in publications such as *The New York Times* (Dec. 2012, June 2011, Dec. 2010, Apr. 2009), *Los Angeles Times* (Jul. 2011, Mar. 2008); *The Wall Street Journal* (Nov. 2012, Jun. 2012); *Chicago Tribune* (Jul. 2009), *Wine Spectator* (Dec. 2012, Feb. 2011, Dec. 2008, Sep. 2008), *Sunset Magazine* (Sept. 2012), *Lucky Magazine* (Dec. 2011), *InStyle Magazine* (Mar. 2011), *Real Simple Magazine* (Dec. 2010), *Los Feliz Ledger* (Jul. 2010), *Town & Country Magazine* (Jun. 2010), *Food & Wine Magazine*, *San Francisco Chronicle* (Jan. 2009), and the *Calgary Herald* (Jul. 2008). Moreover, govino's products have been featured in dozens of other publications that include, but are not limited to, *TimeOut New York*, *Refinery 29*, *iVillage.com* (Nov. 2012, Jul. 2011), *Alsace "Hugel"*, *PopSugar*, *Newsday*, *Food Republic*, *Tasting Table*, *Huffpost Food*, *Cool Hunting*, *Dexinger*, *Star-Telegram*, *Socializzare Luxury*, *Ready Made Magazine*, *Details Magazine*, *Saveur*, and *Solano Magazine*, just to name a few.

15.   The govino Products have also been recognized by experts in the wine industry, such as Nicola Marzovilla, wine distribution company, restaurant and vineyard owner, and Seth Box, the director of education for Moët Hennessy USA, both of whom recommended the GOVINO® Go Anywhere Wine Glass in *The New York Times*. The GOVINO® Go Anywhere Wine Glass, along with other govino Products, have been displayed and endorsed through video publications, such as by television personality and well known celebrity Martha Stewart (marthastewartliving.com) and *The Today Show*. Moreover, the GOVINO® Go Anywhere Wine Glass and its GOVINO® 4-Pack Tote were shown in the Seminal Design Exhibition "How Wine Became Modern" at the San Francisco Museum of Modern Art in 2010.

16.   Needless to say, through the expenditure of considerable time, effort and money, the proprietary govino Products have garnered well known industry recognizable trade dress and product packaging distinction that has become associated only with govino, and serves to designate govino as an exclusive

1    manufacturing source distinguishable over other wine-related products in the

2    marketplace.

3        17.    Additionally, govino is the owner by assignment of all right, title and

4    interest in United States Patent No. 8,875,935 ("the '935 Patent") entitled "Wine

5    Glass", which issued on November 4, 2014.  A true and correct copy of the '935

6    Patent is attached as Exhibit G.

7        18.    The '935 Patent is generally directed to a wine glass constructed from

8    molded plastic that includes an upper generally shell-shaped body terminating at an

9    upper rim in an open mouth, a lower base defining a recessed annular moat

10   surrounding an upstanding central punt, and an upwardly concave central inner cup

11   circumscribed by and extending downwardly into the punt, the inner cup having an

12   outer convex surface entirely externally accessible for convenient fingertip support.

13       19.    Upon information and belief Taza Design, Keith and/or Sabina

14   (collectively "Taza") knew of or had purchased one or more of the govino

15   Products, and were aware that the govino Products were for sale through the

16   Amazon.com marketplace.  Recognizing the extreme commercial success of the

17   govino Products, Taza engaged in the business of making, using, importing,

18   selling, or otherwise offering to sell a wine glass product ("TaZa! Wine Glass")

19   having nearly identical size, shape, construction and distinctive product

20   configuration as the GOVINO® Go Anywhere Wine Glass and directly infringes

21   certain claims of the '935 Patent.  *See* Exhibit H.

22       20.    Upon information and belief, the TaZa! Wine Glass was first

23   displayed and offered for sale direct to consumers by Amazon on about November

24   4, 2014.  In a matter of less than three weeks, the infringing TaZa! Wine Glass has

25   become the "#1 New Release" on Amazon.com, as shown in Exhibit I.

26       21.    Upon information and belief Amazon sells and offers to sell the TaZa!

27   Wine Glass and is directly involved in fulfilling and shipping orders to consumers.

28

22.     Plaintiff govino recently became aware of the presumed association between govino and Taza, including (1) the replication of the distinctive product configuration of the GOVINO® Go Anywhere Wine Glass and the TaZa! Wine Glass; and (2) the nearly identical resemblance of govino's distinctive product packaging and Taza's product packaging ("TaZa! Box").   A side-by-side comparison of the glasses shown in Exhibit J and the boxes shown in Exhibit K illustrate the blatant and intentional replication of the distinctive product configuration of govino's GOVINO® Go Anywhere Wine Glass and distinctive trade dress.   Taza undoubtedly created the virtually indistinguishable and infringing TaZa! Wine Glass and TaZa! Box to create consumer confusion in the market and to ride off govino's goodwill to sell its own products.

23.     Upon information and belief, Taza endeavors to and stands to obtain substantial business by passing off the TaZa! Wine Glass and TaZa! Box as a product endorsed, sponsored or otherwise manufactured by govino, or to otherwise use govino's goodwill to divert business away from govino, at the expense of govino, and to Taza's financial gain.   This is evident from the fact that the TaZa! Wine Glass product is already a "#1 New Release" on Amazon.com, with *less than three weeks of sales*.

24.     Since becoming aware of the TaZa! Wine Glass, govino has attempted to contact both Taza and Amazon directly by email, mail and telephone on multiple occasions in an attempt to resolve the infringement and increasing consumer confusion over the TaZa! Wine Glass, but Taza AND Amazon have both refused to respond.

25.     Specifically, govino first contacted Taza and Amazon on November 10, 2014 informing Amazon of the infringing TaZa! Wine Glass product, and requested that it be removed from the Amazon.com marketplace.   Amazon responded only with an automatically generated email.   On November 12, 2014, govino sent Defendants the cease and desist letter attached as Exhibit L by email

COMPLAINT FOR DAMAGES

and FedEx.  Plaintiff govino again only received an automatically generated email message from Amazon.   Plaintiff govino attempted to contact Amazon again by email and fax on November 20, 2014, and received no response.  Finally, govino's counsel called Amazon's legal department on November 24, 2014, but received only an automated voice recording.   A message was left, but govino has not received a response.

26.     Upon information and belief, Keith and Sabina are self-described "nomads" with no perceivable permanent residence in the United States.  *See* Exhibit M.

27.     Upon information and belief, Taza Design is not registered with any State or county in the United States.

28.     Upon information and belief, Keith and Sabina are using Taza Design as a shell "company" to interface with Amazon, and specifically for making, using, offering to sell, selling and importing wine glass products that infringe the '935 Patent and govino's distinctive product configuration and trade dress rights.

29.     Upon information and belief, Amazon is complicit with Taza and works in concert with Taza to enable and propagate sales of the TaZa! Wine Glass through its own Amazon.com marketplace, which Amazon knows infringes the '935 Patent and govino's distinctive product configuration and trade dress rights, for financial gain.

30.     Taza was clearly aware of the govino Products, including the proprietary GOVINO® Go Anywhere Wine Glass, GOVINO® 4-Pack Tote, GOVINO® Wine-Cocktail Tote and other related product packaging designs, that have come to have trade dress and product packaging associated only with govino, and that Taza has created the aforementioned TaZa! Wine Glass and related TaZa! Box to engage in the willful and intentional infringement of govino's proprietary rights, undoubtedly as a calculated means to take advantage of govino's wide spread reputation and consumer goodwill.  Defendants continue to make, use, offer

to sell, sell, and import the TaZa! Wine Glass into the United States with full knowledge that it infringes the '935 Patent and govino's trade dress and distinctive product packaging rights.

31. Unless immediately enjoined by a preliminary injunction, Defendants' actions will continue to infringe the '935 Patent and cause consumer confusion to govino's detriment and to Defendants' commercial advantage, by riding on the substantial consumer goodwill developed by govino, for which govino has no adequate remedy.

## FIRST CAUSE OF ACTION

(Patent Infringement Against All Defendants)

32. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-31 above.

33. Upon information and belief, Defendants have been and currently are directly and/or indirectly infringing the '935 Patent by making, using, offering to sell, selling and/or importing the TaZa! Wine Glass.

34. Plaintiff govino is informed and believes and based thereon alleges that Defendants' acts of infringement have been willful.

35. Defendants' infringement of the '935 Patent will continue unless enjoined by this Court.

36. As a direct and proximate cause of Defendants' infringement of the '935 Patent, govino has suffered, is suffering, and will continue to suffer injury, unless enjoined by the court, for which govino is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proven at trial.

37. As a direct and proximate consequence of Defendants' infringement of the '935 Patent, govino has suffered, is suffering, and will continue to suffer, unless enjoined by the court, irreparable harm for which there is no adequate

remedy at law, and for which govino is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

### SECOND CAUSE OF ACTION

(Contributory Patent Infringement Against All Defendants)

38.     Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-37 above.

39.     Plaintiff govino is informed and believes and based thereon alleges that third parties that use and sell Defendants' products infringe certain claims of the '935 Patent.

40.     Defendants have contributed to infringement of the '935 Patent by others and continues to contribute to such infringement by selling the TaZa! Wine Glass to resellers and consumers, such that others directly infringe the '935 Patent, as described above.

41.     Plaintiff govino has been and will continue to be injured as a result of Defendants' contributory infringement.

### THIRD CAUSE OF ACTION

(Trade Dress Infringement Against Taza)

42.     Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-41 above.

43.     Through the expenditure of considerable time, effort, money, awards, and publicity, the proprietary govino Products, and in particular the GOVINO® Go Anywhere Wine Glass, have garnered well known industry recognizable trade dress distinction that associates the designs of these products only with govino and serve to designate govino as an exclusive manufacturing source of such products.

44.     Subsequently, Taza knowingly, willfully and/or intentionally adopted and commercially used and sold the confusingly similarly configured TaZa! Wine

Glass so as to cause a likelihood of confusion among the relevant purchasing public as to the source of Taza's goods.  Taza's unauthorized use is likely to cause and, on information and belief, has already caused and will continue to cause confusion, mistake or deception in the minds of purchasers, members of the trade, and the general public relative to govino, govino's distinctive trade dress identified above and the correct source of Taza's goods.

45.     Such past, present and future commercial usage by Taza of the TaZa! Wine Glass constitutes at least infringement of govino's GOVINO® Go Anywhere Wine Glass trade dress under the U.S. trademark laws. 15 U.S.C. § 1051 *et seq*.; 15 U.S.C. § 1114.

46.     Plaintiff govino is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §§ 1116, 1117 and 1118.

## FOURTH CAUSE OF ACTION

### (Product Packing Infringement Against Taza)

47.     Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-46 above.

48.     Through the expenditure of considerable time, effort, money, and publicity, the proprietary govino Products have garnered well known industry recognizable product packaging distinction, including the GOVINO® 4-Pack Tote and GOVINO® Wine-Cocktail Tote, which associates the designs only with govino and serve to designate govino as an exclusive manufacturing source.

49.     Subsequently, Taza knowingly, willfully and/or intentionally adopted and commercially used the confusingly similarly configured TaZa! Box so as to cause a likelihood of confusion among the relevant purchasing public as to the source of Taza's goods.  Taza's unauthorized use is likely to cause and, on information and belief, has already caused and will continue to cause confusion,

mistake or deception in the minds of purchasers, members of the trade, and the general public relative to govino, govino's distinctive product packaging identified above and the correct source of Taza's goods.

50.    Such past, present and future commercial usage by Taza of the TaZa! Box constitutes infringement of at least the GOVINO® 4-Pack Tote and GOVINO® Wine-Cocktail Tote under the U.S. trademark laws. 15 U.S.C. § 1051 *et seq.*; 15 U.S.C. § 1114.

51.    Plaintiff govino is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §§ 1116, 1117 and 1118.

## FIFTH CAUSE OF ACTION

(Trademark Dilution Against Taza)

52.    Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-51 above.

53.    Plaintiff govino's distinctive trade dress and distinctive product packing of the govino Products have become widely recognized by the general consuming public of the United States as a designation of source widely recognized with govino, as enumerated in detail above.

54.    The actions of Taza described above and specifically, without limitation, their unauthorized use of the TaZa! Wine Glass and TaZa! Box, being blatant copies of govino's distinctive trade dress and product packaging, in commerce to advertise, market, and sell Taza's products throughout the United States, are likely to and, on information and belief, has already caused and will continue to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(a).

55.    Plaintiff govino has suffered and continues to suffer damages in an amount to be proven at trial, consisting of, among other things, diminution in the

value of and goodwill associated with the trade dress rights associated with at least the GOVINO® Go Anywhere Wine Glass, and related distinctive product packaging rights of at least the GOVINO® 4-Pack Tote and GOVINO® Wine-Cocktail Tote, which have caused injury to govino's business.  Plaintiff govino is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(c).

56.    On information and belief, Taza's actions described above were and continue to be deliberate and willful. Plaintiff govino is therefore entitled to recover treble damages in an amount to be determined at trial and based on the profits of the TaZa! Wine Glass sales, and to recover the costs of this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

## SIXTH CAUSE OF ACTION

### (Unfair Competition Against Taza)

57.    Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-56 above.

58.    Taza has misappropriated the good will symbolized by the distinctive trade dress of a least the GOVINO® Go Anywhere Wine Glass and product packaging of at least the GOVINO® 4-Pack Tote and GOVINO® Wine-Cocktail Tote.

59.    Taza has injured govino by knowingly, willfully and/or intentionally passing off their infringing TaZa! Wine Glass and TaZa! Box by willfully and intentionally causing a likelihood of confusion among the relevant purchasing public as to the source of Taza's goods.

60.    Taza had prior awareness of and imitated govino's established trade dress and product packaging – and have unjustly enriched themselves at govino's expense.

61.    Taza's above-described conduct constitutes deceptive and unfair competition under the Lanham Act 15 U.S.C. § 1125(a), common law and statutory

laws of the State of California under Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq.*

62.   As a result of the aforesaid acts by Taza, govino has suffered and continues to suffer substantial damages and irreparable injury, for which govino is entitled to injunctive relief against Taza under Cal. Bus. & Prof. Code § 17203.

**PRAYER FOR RELIEF**

63.   WHEREFORE, govino requests entry of judgment in its favor and against Defendants as follows:

a.   That Defendants have directly and/or indirectly infringed one or more claims of the '935 Patent;

b.   Preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys and those persons who have acted in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any infringement of the '935 Patent whether direct or indirect;

c.   That Defendants account to govino for damages by virtue of Defendants' infringement and/or contributory infringement of the '935 Patent;

d.   Award govino all damages, in such amounts as are proved at trial, and in no event in an amount less than a reasonable royalty, resulting from Defendants' infringement and/or contributory infringement of the '935 Patent, pursuant to 35 U.S.C. § 284;

e.   That Defendants be adjudged to have willfully and deliberately infringed and contributorially infringed the '935 Patent;

f.   That the present case be judged an exceptional case within the meaning of 35 U.S.C. § 285 and that govino be awarded its reasonable attorneys' fees and costs pursuant thereto;

g. That govino be awarded damages in an amount equal to three times the amount of damages found or assessed, to compensate govino for the willful and deliberate acts of infringement by Defendants, pursuant to 35 U.S.C. § 284;

h. Order that Defendant and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, destroy or offer up to govino for destruction any and all products within the scope of any claim of the '935 Patent that are within Defendants' possession, custody or control;

i. That Taza and their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined from violating govino's rights by way of:

i. using govino's distinctive trade dress and product packaging, including the confusingly similar TaZa! Wine Glass and TaZa! Box, in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses;

ii. using any word, name, mark, designation, logo, or other material for or in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses, which is likely to cause confusion, mistake or deception as to source relative to govino's names, marks, designations of origin and logos including the TaZa! Wine Glass and/or TaZa! Box;

iii. passing off Taza's goods as govino's goods;

iv. practicing unfair competition, unfair trade practices, false advertising and misappropriation against govino;

j. That govino be awarded (a) Taza's profits, (b) damages sustained by govino, and (c) the costs for this civil action, including reasonable attorneys' fees, under 15 U.S.C. § 1117(a).

k. That the present case be judged as exceptional within the meaning of Lanham Act 15 U.S.C. § 1117 to warrant judgment for three times such profits and damages, including prejudgment interest.

l. That Taza be ordered to mail notice letters at their expense to all customers, accounts, distributors, dealers, jobbers, salesmen, sales representatives and suppliers, informing them that it has committed trademark infringement and unfair competition against govino and that it has no affiliation, connection or other business relationship with govino; and

m. That the Court order any further relief that it may deem just, proper, and equitable.

## DEMAND FOR JURY TRIAL

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, govino respectfully demands a trial by jury on all claims and issues so triable.

Dated: November 25, 2014

   */s/ Scott M. Lowry*
Scott M. Lowry, Esq.
Stuart O. Lowry, Esq.
Lowry Blixseth LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Attorneys for govino, LLC