SCOTT M. LOWRY, ESQ. (CA Bar No. 244,504)
E-Mail: Scott@LawLB.com
STUART O. LOWRY, ESQ. (CA Bar No. 80,336)
E-Mail: Stuart@LawLB.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

KAO & SWOPE LLP
CHRIS KAO, ESQ. (CA Bar No. 227086)
E-Mail: ckao@kaoandswope.com
WHITNEY MINER, ESQ. (CA Bar No. 290825)
E-Mail: wminer@kaoandswope.com
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243
*Attorneys for govino, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company,<br>　　　　Plaintiff,<br>　　v.<br>TAZA DESIGN, a business entity, form unknown, KEITH KING, an individual, SABINA KING, an individual, AMAZON.COM, INC., a Delaware corporation, and DOES 1-10, inclusive,<br>　　　　Defendants.<br><br>LUCIDIOUS, INC. dba TAZA DESIGN, a Seychelles corporation,<br>　　　　Counter Claimant,<br>　　v.<br>GOVINO, LLC, a Delaware limited liability company,<br>　　　　Counter Defendant. | Case No. 3:14-cv-05220-WHO<br><br>**STIPULATION, CONSENT JUDGMENT, PERMANENT INJUNCTION, AND ORDER** |

1    This Stipulation, Consent Judgment, and Permanent Injunction ("Consent Judgment")
2  is entered into by and between Plaintiff govino, LLC ("govino") and Defendants Lucidious,
3  Inc. d/b/a/ TaZa Design, Keith King, and Sabina King (collectively "TaZa! Defendants"),
4  subject to approval by the Court.
5    WHEREAS, on November 25, 2014, Plaintiff initiated this action against the TaZa!
6  Defendants, among others, alleging claims for Direct Patent Infringement under 35 U.S.C. §§
7  271(a) and 281, Contributory Patent Infringement under 35 U.S.C. §§ 271(c) and 281, Trade
8  Dress Infringement, Product Packaging Infringement, Trademark Dilution under 15 U.S.C.
9  1125(a)), and Unfair Competition under the Lanham Act (15 U.S.C. § 1125(a)) and Cal. Bus.
10  & Prof. Code §17200;
11    WHEREAS, on June 23, 2015, and in response to the TaZa! Defendants'
12  counterclaims, Plaintiff further counterclaimed for False and Misleading Advertising under
13  Lanham Act § 43(a), Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 and 17500 *et*
14  *seq*. and California Common Law, and Unjust Enrichment;
15    WHEREAS, Plaintiff basis its causes of action on the fact that the TaZa! Defendants
16  were making, using, importing, selling, or otherwise offering to sell a wine glass product, as
17  identified in govino's Complaint as the "TaZa! Wine Glass", such as through Amazon.com,
18  use of related product packaging ("TaZa! Box"), and use of the "FDA-Approved" language in
19  their advertising (the TaZa! Wine Glass and TaZa! Box are shown in Exhibits H, J and K
20  attached to the Complaint);
21    WHEREAS, the TaZa! Defendants wish to conclude this litigation with Plaintiff
22  without further contesting the action and without further contesting the validity or
23  enforceability of any claims of the patents at issue in this proceeding; and
24    WHEREAS, Plaintiff and the TaZa! Defendants, through their respective counsel,
25  hereby agree to the entry of this Consent Judgment.
26  ///
27  ///
28  ///

**NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED, AS TO THE TAZA! DEFENDANTS:**

1. This is an action for Patent Infringement (35 U.S.C. §§ 271(a) and 281), Contributory Patent Infringement (35 U.S.C. §§ 271(c) and 281), Trade Dress Infringement, Product Packaging Infringement, Trademark Dilution (15 U.S.C. 1125(a)), Unfair Competition under the Lanham Act (15 U.S.C. § 1125(a)) and Cal. Bus. & Prof. Code §17200), False and Misleading Advertising (Lanham Act § 43(a)), Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq*.), and Unjust Enrichment.

2. With respect to the patent, copyright and Lanham Act claims, this Court has original and/or exclusive subject matter jurisdiction over the TaZa! Defendants and the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as well as under 15 U.S.C. §§ 1119 and 1121.  The Court has supplemental jurisdiction with respect to the California Business & Professions Code based claims pursuant to 28 U.S.C. § 1367(a).  This court also has personal jurisdiction over the TaZa! Defendants because the TaZa! Defendants are doing business in this state and/or the alleged acts of infringement have occurred and are occurring in this state.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)-(c) and 1400(b). The alleged acts of infringement, misappropriation, and false advertising have occurred in this district.

4. Plaintiff govino, LLC is the owner of all right, title and interest in and to U.S. Patent No. 8,875,935 (the "'935 Patent").

5. All of the claims of the '935 are valid and enforceable.

6. The TaZa! Defendants admit that they made, used, offered for sale, sold, or imported the TaZa! Wine Glass claimed in the '935 patent.

7. The TaZa! Defendants expressly acknowledge that govino is the owner of all right, title and interest in and to the distinctive product configuration of the GOVINO® wine glasses, flutes, cocktail glasses, beer glasses, and decanters, including, but not limited to, the distinctive contoured base and indented notch, and the trade dress rights for the product

packaging associated therewith, and that such distinctive product configuration and trade dress has come to be associated only with govino products and serves to designate govino as an exclusive manufacturing source distinguishable over other wine-related products in the marketplace.

8. The TaZa! Defendants admit that the TaZa! Wine Glass and TaZa! Box infringe govino's distinctive product configuration and trade dress rights.

9. The TaZa! Defendants have ceased making, using, offering for sale, selling, or importing the TaZa! Wine Glass and the TaZa! Box identified in Plaintiff's Complaint, and all use of "FDA approved" in advertising, and the TaZa! Defendants have agreed not to resume the same now or in the future.

10. Plaintiff is irreparably harmed by, and has no adequate remedy at law for the TaZa! Defendants' infringement and are entitled to a permanent injunction. The balance of hardships regarding an injunction weighs in Plaintiff's favor and the public interest does not preclude entry of a permanent injunction in this case.

11. Effective as of the date this Consent Judgment is entered by the Court, the TaZa! Defendants and any and all of their agents, representatives, subsidiaries, directors, principals, officers, successors, assigns, and all others acting in concert or participation with them and not named separately in the Action (in other words, this does not apply to any other named defendant in this action), are hereby permanently enjoined and restrained from engaging in any of the following activities:

    a. making, using, offering to sell, or selling within the United States, or importing into the United States (either directly, indirectly) the TaZa! Wine Glass, or any technology claimed within the '935 Patent;

    b. using govino's distinctive trade dress and product packaging, including the confusingly similar TaZa! Wine Glass and TaZa! Box, in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses, flutes, cocktail glasses, beer glasses, and decanters;

  c. using any word, name, mark, designation, logo, or other material for or in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses, which is likely to cause confusion, mistake or deception as to source relative to govino's names, marks, designations of origin and logos, including the TaZa! Wine Glass and/or TaZa! Box;

  d. passing off TaZa! Defendants' goods as govino's goods;

  e. practicing unfair competition, unfair trade practices, false advertising and misappropriation against govino;

  f. selling, marketing, advertising, promoting and/or distributing the TaZa! Wine Glass as "FDA-Approved";

  g. practicing unfair competition, unfair trade practices, false advertising and misappropriation;

  h. practicing any conduct aimed at or likely to result in diverting business intended for govino or injuring govino's goodwill and business reputation by way of false advertising, misrepresentation, false statements, fraud and/or consumer deception;

  i. profiting in any manner with respect to the TaZa! Wine Glass or TaZa! Wine Box; and

  j. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

12. Plaintiff govino, LLC and the TaZa! Defendants shall bear their own costs and attorneys' fees.

13. This Consent Judgment constitutes a final judgment concerning the subject matter of this action as between govino and the TaZa! Defendants.

14. Plaintiff govino, LLC and the TaZa! Defendants waive any right to appeal from this Consent Judgment.

15. Upon entry of this Consent Judgment, this case is closed; provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment and the permanent injunction stipulated to herein.

**SO STIPULATED AND CONSENTED:**

Dated: January 8, 2016                             /Scott M. Lowry/
                                                               Scott M. Lowry, Esq.
Stuart O. Lowry, Esq.
Lowry Blixseth LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Chris Kao, Esq.
Whitney Miner, Esq.
Kao & Swope LLP
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243
*Attorneys for Plaintiff and Counterdefendant*

Dated: January 8, 2016                             /Gordon E. Gray III/
Gordon E. Gray III
GRAY LAW FIRM
4401 N. Atlantic Ave.
Long Beach, CA 90807
Telephone: 562-984-2020
*Attorneys for Defendants and Counterclaimants*

**IT IS SO ORDERED**.

Dated: January 8, 2016

William H. Orrick
United Sates District Judge